UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KAREN COPPES,

         Plaintiff,

    v.

BERMAN & RABIN, PA,

         Defendant.

CASE NO. C13-5019 BHS

ORDER

This matter comes before the Court on the parties' numerous, preliminary non-dispositive and dispositive motions.

## I. PROCEDURAL HISTORY

Late last year or early this year, Plaintiff Karen Coppes gave Defendant Berman & Rabin, PA ("B&R") notice of a lawsuit that she intended to file in a Washington State superior court. Dkt. 1. The complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., Washington State Collection Agency Act ("CAA"), RCW Chapter 19.16, and Washington Consumer Protection Act ("CPA"), RCW Chapter 19.86. *Id*., Exh. A. Within thirty days of notice of the lawsuit, B&R removed the matter to this Court. *Id*.

## II. DISCUSSION

The motion to amend (Dkt. 10) is **DENIED** because Coppes failed to attach a proposed complaint pursuant to Local Rule 15.

ORDER - 1

The motion for judgment on the pleadings (Dkt. 7) is **GRANTED** because Coppes fails to allege that she was represented by an attorney when B&R sent her the collection letters. The Court, however, may only dismiss a complaint without leave to amend if any amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Based on the representations in Coppes's motion to amend, it does not appear that amendments would be futile. Therefore, Coppes is **GRANTED** leave to amend her complaint and shall file an amended complaint no later than June 14, 2013.

The motion for summary judgment (Dkt. 11) is **DENIED as moot** because there currently is no operative complaint.

The motion to strike affirmative defenses (Dkt. 25) is **DENIED as moot** because there is no operative complaint to assert affirmative defenses against.

The motion to order mediation (Dkt. 20) is **DENIED**. Although this case appears ripe for mediation, the parties' early, extensive motion practice may have interfered with the parties' ability to assess the merits of their positions. This order puts the parties back to square one, and the Court encourages another attempt at mediation. The Court also directs the Clerk to set a new date for the parties to submit a joint status report.

**IT IS SO ORDERED.**

Dated this 4th day of June, 2013.

BENJAMIN H. SETTLE
United States District Judge